UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                              Case No.: 8:16-bk-00159-MGW
                                                    Chapter 7

Albert McNorton

Debtor.
_____

 MOTION TO SELL REAL PROPERTY AND PAY SECURED CREDITORS
(3207 Bentley Avenue, Sebring, FL 33872)

**NOTICE OF OPPORTUNITY TO
OBJECT AND REQUEST A HEARING**

**Pursuant to Local Rule 2002-4, the Court will consider this motion, objection, or other
matter without further notice or hearing unless a party in interest files an objection within
21 days from the date set forth on the proof of service attached to this paper plus an
additional three days for service.  If you object to the relief requested in this paper, you
must file your objection with the Clerk of the Court at 801 N. Florida Ave., Suite 555,
Tampa, FL 33602-3899, and serve a copy on the movant's attorney, Richard M. Dauval, at
P.O. Box 13607, St. Petersburg, FL  33733, and any other appropriate persons within the
time allowed.**

**If you file and serve a response within the time permitted, the Court may schedule and
notify you of a hearing, or the Court may consider the response and may grant or deny the
relief requested without a hearing. If you do not file a response within the time permitted,
the Court will consider that you do not oppose the relief requested in the paper, will
proceed to consider the paper without further notice or hearing, and may grant the relief
requested.**

        COMES NOW Stephen L. Meininger, Chapter 7 Trustee, by and through his undersigned

counsel, and hereby moves for authority to sell certain improved real property, to pay secured

creditors, and in support thereof states as follows:

1

## JURISDICTION

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b) (2) (A), (M), (N) and (O).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The basis for the relief requested herein are, *inter alia*, 11 U.S.C. §§ 105, 363(b) and Federal Rules of Bankruptcy Procedure 2002 and 6004.

## BACKGROUND

4. On January 8, 2016, the Debtor commenced this case by filing a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code (the "Petition Date").

5. Stephen L. Meininger was appointed Chapter 7 trustee (the "Trustee").

The Debtor owns real property, by virtue of a deed, located at 3207 Bentley Avenue, Sebring, FL 33872, more particularly known as:

ALL THAT CERTAIN PARCEL OF LAND SITUATED IN COUNTY OF HIGHLANDS ON THE STATE OF FLORIDA BEING KNOWN AND DESIGNATED AS:

LOT 14, BLOCK 43A, SEBRING COUNTRY ESTATES, SECTION TWO, ACCORDING TO THE PLAT THEREOF RECORDED IN PLAT BOOK 7, PAGE 34, OF THE PUBLIC RECORDS OF HIGHLANDS COUNTY, FLORIDA. (the "Property").

6. The Trustee completed a title search and found that the Property is encumbered by a mortgage lien. By priority, but not including any outstanding property taxes or municipal liens, the Property is encumbered as follows:

    a. a first mortgage lien exceeding $88,900.00 in favor of Bank of America, N.A.  Such mortgage was recorded on September 24, 2013 in Book 2398, Page 1743 in the public records of Highlands County. The same mortgage was later assigned in favor

of Federal National Mortgage Association recorded on December 15, 2014 in Book 2456, Page 574 in the public records of Highlands County, Florida.

 b. The Property may also encumbered by a tax certificate.  The intent is to pay all taxes due and owing at the time of closing the sale of the Property.

 c. There is a current case open with local code enforcement, who has been served a copy of this motion, for failure to mow the lawn on the Property, however there are no Code Enforcement liens

7. The Trustee has accepted an offer from Kevin Joseph and Evelyn Cortina (the Buyer) to purchase this home in the amount of $106,000.00, as payment in full (subject to Court and Lienholder approval).  The current offer was not the only offer on the Property but is the highest offer. Moreover, the estate believes it is a fair offer for the current economy and the length the property has remained on the market.

8. Any current real property taxes will be paid prorated.

9. The sale price of $106,000.00, net the closing costs will be enough to satisfy the outstanding liens, as agreed to by the lienholder(s), that encumber the property and net the estate about $5,412.34.  If the affected lienholders no longer consent to their proposed treatment they are hereby on notice that they need to object to the proposed sale of the Property.

10. The Trustee has attached a "DRAFT" Settlement Statement that outlines the proposed distribution of the sale proceeds at closing, as Exhibit "A."

**<u>AUTHORITY TO SELL</u>**

11. Pursuant to § 363(b)(1) of the Bankruptcy Code, a trustee, after notice and hearing, may use, sell or lease property of the estate other than in the ordinary course of business.

3

Additionally, pursuant to § 363(f) of the Bankruptcy Code, the trustee may sell property free and clear of any interest in such property of an entity other than the estate if (i) permitted under applicable non-bankruptcy law, (ii) the party asserting such interest consents, (iii) the interest is a lien and the purchase price of the property is greater than the aggregate amount of all liens on the property, (iv) the interest is subject of a bona fide dispute, or (v) the party asserting the interest could be compelled, in a legal or equitable proceeding, to accept a money satisfaction for such interest.

12. Section 363(f) of the Bankruptcy Code is stated in the disjunctive. Thus, it is only necessary for the Trustee to satisfy one of the five conditions of § 363(f).

13.  The Trustee avers that he shall satisfy section 363(f) (2) insofar as all lien holders shall consent to a sale of the property under section 363(f) (2), and that he should then be authorized to sell the Property free and clear of all liens, claims, encumbrances and interests.

## **CONCLUSION**

14. The Trustee, in the exercise of his business judgment, believes, and therefore avers, that the proposed sale is in the best interest of the creditors of the bankruptcy estate insofar as there is otherwise no equity in the Property, the Trustee is more familiar with the current market than other interested parties, and a sale under this motion serves the best interest of all interested parties, including the secured creditors. The Buyer has agreed, subject to Court approval, to pay to the Trustee the sum of $106,000.00 in exchange for the Property free and clear of all liens, encumbrances, or interests.

WHEREFORE, the Trustee moves for the entry of an Order substantially in the form attached hereto:

A. Authorizing the sale of the Property and,

B. Authorizing the Trustee to take any all actions and to execute any and all documents necessary and appropriate to effectuate and consummate the terms of said sale of the Property free and clear of all liens, encumbrances, or interests, including without limitation, executing a deed conveying the interests of the Debtor or any other party claiming an interest in the Property to the Purchaser;

C. Authorizing the Trustee and any escrow agent upon the Trustee's written instruction, shall be authorized to make such disbursements on or after the closing of the sale as are required by the purchase agreement or order of this Court, including, but not limited to, (a) all delinquent real property taxes and outstanding post-petition real property taxes pro-rated as of the closing with respect to the real property included among the purchased assets (b) any outstanding Home Owner's Association fee or assessment arrearages; and (c) other anticipated closing costs:

Total Sales/Brokers Commission:
6% to Berkshire Hathaway Home Services, FL Properties Group    $5,430.00*

*commission is anticipated to be shared with cooperating agent from Berkshire Hathaway Home Services

| | |
|---|---|
| Title Charges: | $ 1,701.28 |
| Government recording / transfer charges: | $ 0.00 |
| Additional Settlement Charges: | $ 870.00 |
| Other / Debits (*incl. 506(c) surcharge*) | $ 5,412.34 |
| Satisfaction of Liens: | |
|     Select Portfolio Servicing, Inc. (home mortgage) | $ 92,000.00 |

D. Determining that the Buyer has not assumed any liabilities of the Debtor, and

E. Granting the Trustee such other and further relief as is just and proper.

Respectfully submitted,

 /s/ Richard M. Dauval, Esquire

Richard M. Dauval, Esq.
FBN 0664801
Leavengood, Dauval, Boyle & Meyer, P.A.
3900 1st Street North, Suite 100
Saint Petersburg, FL 33703
727-327-3328 x303


<u>CERTIFICATE OF SERVICE</u>

     I hereby certify that a copy of the foregoing has been served by U.S. Mail and/or electronic delivery to:

Lien Holders: Seterus c/o Taji S. Foreman, Esq., tforeman@kahaneandassociates.com ; John McCoy, Code Enforcement Clerk, Highlands County Board of County Commissioners, jmccoy@hcbcc.net; P.O. Box 1926, Sebring, FL 33871-1926

Debtor, Albert Glenn McNorton, PO Box 2603, Sarasota, FL 34230

Debtor's Counsel, Charles Smith Esq., smith@ChrisSmith.com

Chapter 7 Trustee, Stephen L. Meininger, slmeininger@earthlink.net

United States Trustee, ustp.region21.ecf@usdoj.gov

and all parties of interest on the Matrix this November 1, 2016.

<u>/s/ Richard M. Dauval, Esquire</u>
Richard M. Dauval, Esq.