ORDERED.

Dated:  December 15, 2016

*Michael G. Williamson*
Michael G. Williamson
Chief United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:                                                                                    Case No.: 8:16-bk-00159-MGW
                                                                                          Chapter 7
Albert McNorton

Debtor(s)            /

**ORDER GRANTING TRUSTEE'S**
**MOTION TO SELL REAL PROPERTY AND PAY SECURED CREDITORS**
**(3207 Bentley Avenue, Sebring, FL 33872)**

THIS CASE came for hearing before the court on December 8, 2016 at 9:30 a.m. to consider Chapter 7 Trustee, Stephen L. Meininger's ("Trustee") *Motion to Sell Real Property and Pay Secured Creditors* (the "Motion") (Dkt. No. 28) Creditor, Federal National Mortgage Association's *Limited Response to Trustee's Motion to Sell Real Property* (Dkt. No. 29) (the "Response").  Richard M. Dauval, Esq. appeared on behalf of the Trustee.  Jay Passer, Esq. appeared on behalf of Seterus, Inc.  No other appearances were made.  Accordingly, it is:

**ORDERED** and **ADJUDGED** as follows:

1.      The notice of the Motion and the hearing thereon is approved as proper and adequate under the circumstances.

2.      The Motion is GRANTED.

3.      The Trustee is authorized to sell the real property located at:

**ALL THAT CERTAIN PARCEL OF LAND SITUATED IN COUNTY OF HIGHLANDS ON THE STATE OF FLORIDA BEING KNOWN AND DESIGNATED AS:**

**LOT 14, BLOCK 43A, SEBRING COUNTRY ESTATES, SECTION TWO, ACCORDING TO THE PLAT THEREOF RECORDED IN PLAT BOOK 7, PAGE 34, OF THE PUBLIC RECORDS OF HIGHLANDS COUNTY, FLORIDA.**

more commonly known as, 3207 Bentley Avenue, Sebring, FL 33872 (the "Real Property"), conditioned on the consent of its lienholders, and in accordance with the terms provided for in the Motion.

4. The Trustee is authorized to pay the secured mortgage creditor, Seterus, Inc., the authorized sub-servicer for Federal National Mortgage Association ("Secured Creditor") the full amount of their lien as of the date of closing.

5. The sale of the Real Property is further conditioned upon:

   a. The Trustee, or his agent, must request a payoff statement for the Secured Creditor's loan at least seven (7) days prior to closing;

   b. The payoff statement must not be expired at the time of closing;

   c. The payoff funds must be wired to Secured Creditor within 48 hours of the close of escrow; and

   d. Secured Creditor must have an opportunity to review the proposed HUD-1 prior to closing.

6. The Trustee is authorized to take any all actions and to execute any and all documents necessary and appropriate to effectuate and consummate the terms of said sale, including, executing a deed conveying the interests of the Debtor(s) in the Real Property to the ultimate purchaser.

7. Trustee and any escrow agent upon the Trustee's written instruction, shall be authorized to make such disbursements on or after the closing of the sale as are required by the purchase agreement or order of this Court, including, but not limited to, (a) all delinquent real property taxes and outstanding post-petition real property taxes pro-rated as of the closing with respect to the real property included among the purchased assets (b) any outstanding Home Owner's Association fee or assessment arrearages; and (c) other anticipated closing costs:

Total Sales/Brokers Commission:
6% to Berkshire Hathaway Home Services, FL Properties Group     $5,430.00*

*commission is anticipated to be shared with cooperating agent from Berkshire Hathaway Home Services

| | |
|---|---|
| Title Charges: | $ 1,701.28 |
| Government recording / transfer charges: | $ 0.00 |
| Additional Settlement Charges: | $ 870.00 |
| Other / Debits (*incl. 506(c) surcharge*) | $ 5,412.34 |
| Satisfaction of Liens: | |
| Seterus (home mortgage) | $ 92,000.00 |

It is understood that the above anticipated closing costs and taxes are subject to per diem charges, changes in prorations, and otherwise represent approximate amounts. The Trustee is authorized to pay these amounts to the respective payees, or their reasonable equivalent amounts, depending on the subjective per diem alteration. The Trustee is to use his best business judgment and in the event a closing cost, including the satisfaction of liens, changes materially from the amounts listed above, the Trustee shall seek further relief from the court prior to making such a payment. Otherwise, payment to the above contemplated payees, in amounts above approximate amounts due to industry standard changes in value will not violate this court order.

       8.       The 14 day stay period pursuant to Rule 6004(h) is waived and this Order shall be effective and enforceable immediately upon entry.

Richard M. Dauval, Esquire, is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.